UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Kwame Gyamfi )
    *Plaintiff* )  Case No. DKC09CV3001
vs. )
)
Wells Fargo Bank, Corp. )
    *Defendant* )

## NOTICE OF COMPLAINT

1. Now comes, Kwame Gyamfi the plaintiff, seeking a compensatory and punitive damages against the defendant Wells Fargo Bank through the negligence of their acquired subsidiary bank, Wachovia Inc. This action is based on the 1)unlawful seizure of assets, 2)violation of the Right to Financial Privacy Act and )violation of the Back Secrecy Act and Anti Money Laundering Act. This complaint comes after the plaintiff's attempt to resolve this matter failed based on the defendant's reckless attempt to defraud the plaintiff and ignore the seriousness of the plaintiff's allegations and this court's order. (See Exhibit A)

**JURISDICTION**

2. Jurisdiction of this court is conferred under the federal question at Title 28 Section 1331. Venue in this court is proper as the plaintiff is a Maryland resident that resides in the city of Bowie. The defendant is headquartered in San Francisco, CA.

**THE PARTIES**

3. The plaintiff, Mr. Kwame Gyamfi, is a federal contract-employee of the federal government. He has worked in federal I.T. computing with various federal agencies in the core area of federal I.T. financial systems. Mr. Gyamfi is considered a Subject Matter Expert (SME) in the area of I.T computing and has been hired at NASA, GSA, OIG and NAVY as an expert. In addition, the plaintiff is a registered user of the U.S. Department of Treasury Financial Crimes Enforcement Network (FINCEN) e-file system. As a federal contract-employee, the plaintiff, Mr. Gyamfi, is required under the federal laws of FISMA and e-GOV to complete annual security training and privacy protection courses. (See Exhibit B)

4. The Wells Fargo & Co. is a diversified financial services company with operations around the world. Wells Fargo is the fourth largest bank in the US by assets and the third largest bank by market cap. Wells Fargo is the second largest bank in deposits, home mortgage servicing, and debit card. Wells Fargo is a member of the FDIC and is subject to the Bank Secrecy Act and Anti-Money Laundering Act (BSA/AML).

**STATEMENT OF FACTS**

5. On or around about 2pm of November 10th, 2009 the plaintiff was notified by his wife about a fraudulent transaction on their joint bank account. The plaintiff, Mr. Gyamfi, called the bank and was notified that that someone (*name not given*) walked into a Wachovia Branch Office and presented what appeared to be authentic court papers for "garnishment" and was able to secure funds from the plaintiff's bank accounts.

6. The plaintiff advised the bank representatives that a fraud alert should be placed on the account and that the bank should take action to close and stop any further transactions on the account. The Wachovia representative opened a fraud alert case number (Case # ▓▓▓▓▓80) and stipulated that a Wachovia investigator would be assigned to the case this Thursday, November 12, 2009.

7. Furthermore, the plaintiff, Mr. Gyamfi requested that the bank follow procedure under the Bank Secrecy Act and open a SAR (Suspicious Activity Report) in order to preserve any evidence that may be collected from this activity. Unfortunately, the bank representative was unfamiliar with the Bank Secrecy Act and unfamiliar with the SARs process. In addition, the defendant employees didn't know who the name of their BSA employee coordinator.

8. After further consultation with the bank representative, he abruptly suspended the "bank fraud alert" case number and made a reference that the transaction was not a fraudulent transaction. The bank representative stated that he would freeze the account and not close the account. I advised the bank representative that under the BSA guidelines he was mandated to follow bank protocol and procedures regarding fraud alerts.

9. The bank representative stated that he verified with both the legal department and his supervisors that the transaction was legitimate. The plaintiff, Mr. Gyamfi, then advised the bank representative that under no circumstances can private citizens walk off the

street and present bogus documents to a bank and secure funds from an account holder. (See Exhibit B copy of accounts)

10. On November 12th, 2009, the plaintiff went into a local branch office of Wachovia to get additional information and clarification of the incident regarding the fraud incident. The branch manager provided the plaintiff with a copy of the 'bogus' legal documents (See Exhibit D).

11. The defendant, Mr. Gyamfi, presented to the Wachovia branch manager a copy of the Federal Trade Commission (FTC) confirmation letter; upon which the plaintiff had previously alerted the commission to this "Public Corruption" welfare scheme. In addition, the defendant, Mr. Gyamfi, presented a copy of his Equifax credit agency "fraud alert" investigation to the branch manager regarding the scheme which the credit agency determined that the "DHS Agency" debt of aprox. $20,000 was fraudulent and was deleted from the plaintiff's credit file. (See Exhibit D *see both FTC confirmation letter and Equifax report*)

12. On November 13, 2009 the plaintiff faxed a letter and exhibits to the bank branch managers of North Carolina and Maryland explaining why the 'fraudulent' document gave them "no" legal authority to seize the plaintiff's accounts and that of his wife (Juliette Larmie-Gyamfi) and elderly mother (Kathleen Kinlaw). (Exhibit F *letter sent to branch managers*)

13. The plaintiff explained to the employees that there was "no case called D.C. vs. Kwame Gyamfi" in any official court of jurisdiction. Therefore, the seizure of the accounts was based on fraud and deceit from scammers who obviously have some knowledge of law and legal forms.

14. In addition, the plaintiff had to explain to the branch managers how the fraudulent documents were used to get additional privacy account information by means of "social engineering" and "fear" tactics under the threat of litigation. In addition to sending a 'bogus' court order, the fraudsters sent bogus "interrogatories" which requested additional account information. The plaintiff believes that this document should have been an obvious "red flag" to the defendant; unfortunately, the defendant complied with the request and gave the fraudsters the requested account information. (Exhibit D *interrogatories*)

15. On November 14th, 2009, the plaintiff received in the mail a fraudulent legal document stipulating that an "Administrative Judgment of Condemnation" had been levied against his Wachovia Account in the amount of $837.67 (Exhibit G). This amount is $20,745.12 less than the November 10th, 2009 "bogus" legal document sent to the bank. The plaintiff ask the court to take note, that aprox. $800 USD is the outstanding remaining balance in the amount that was seized on November 10th, 2009.

16. Apparently, the scammers were under the impression that over $21,000 USD was in these accounts, however, less than $1,000 was in the accounts. The defendant gave the scammers the $800 + and refused to acknowledge their error and violation. The scammers, then sent the plaintiff a "bogus" court order so that plaintiff would think that the $837.67 would be the only amount that was attempted to be seized from the account. The scammers are unaware that the plaintiff had already received a copy of the original bogus court order called "Writ of Attachment" that was sent to the bank, November 10th, 2009.

17. On November 16, 2009, this court issued an order to DENY the plaintiff's request for an "Emergency Injunction", but rather gave the plaintiff 21 days to determine if he wishes to proceed and that the plaintiff is CAUTIONED that his complaint would be dismissed if he fails to notify this court of his intentions. (See Order, Exhibit A).

18. On November 23, 2009, as a supervisory member of the Financial Crimes Enforcement Network (FINCEN) of the U.S. Dept. of Treasury, the plaintiff filed a SAR (Suspicious Activity Report) based on the November 10th, 2009 incident at the Wachovia Bank (Exhibit H). This action provided the legal protection to the plaintiff based on the federal guidelines of the Bank Secrecy Act and alerted the federal authorities of the unlawful transaction that occurred at the bank. On November 25th, 2009 the FINCEN "acknowledged" the SAR and provided the plaintiff with a DCN status number (Document Control Number).

19. On November 24, 2009, the plaintiff was contacted by Attorney Robert "Bob" Gaumont of the law firm of Womble, Carlyle, Sandridge and Rice claiming to represent the interests of Wells Fargo-Wachovia (See Exhibit I). On or around about 10 AM, December 2nd, 2009, the plaintiff and Mr. Gaumont held a "settlement conference". However, prior any discussion, the plaintiff asked Mr. Gaumont, if he had the legal

authority to speak on behalf of Wells Fargo Bank since the caption on the complaint before this court was not exclusively Wachovia. He stated, that he had the authority to speak on behalf of the defendant, Wells Fargo Bank and the conference commenced.

20. It was during this conference that the plaintiff became suspicious of Mr. Gaumont's role as he was unaware of the case and unfamiliar with the seriousness of the Bank Secrecy Act and Anti-Money Laundering Act. After the conference, the plaintiff contacted the legal department of the defendant and requested a legal authorization document on behalf of Mr. Gaumont that authorized him to speak on behalf of Wells Fargo Bank. This request was Denied.

21. The plaintiff concluded that the defendant, Wells Fargo Bank, might have requested that Mr. Gaumont act as a decoy in order to gather "confidential" information from the defendant under the cloak of a settlement conference. The plaintiff found the actions of the defendant to be "unethical and reckless" and filed a grievance complaint with the Attorney Grievance Commission of Maryland against Mr. Gaumont. (See Exhibit J)

22. The plaintiff, Mr. Gyamfi, asks this court to take note that his intentions was to NOT move forward in this complaint, as it appeared that this was a simple solution; 1) restore the accounts and 2) follow bank protocol under the Bank Secrecy Act and Anti-Money Laundering Act (BSA/AML).

23. However, the plaintiff finds the defendant actions so reckless and unethical that a further review of this case is warranted. It is clear to the plaintiff that Wells Fargo Bank had not adequately trained their employees on the Bank Secrecy Act and Anti-Money Laundering Act as all FDIC institutions are mandated by law to comply. It is a direct consequence of the defendant's failure to adequately train their employees under BSA/AML that has led to the negligence outlined in this complaint.

24. Therefore, the plaintiff will move forward in seeking compensatory and punitive damages from the defendant based on the violations outlined in this complaint as follows:

**VIOLATIONS**

**Right to Financial Privacy Act**

25. The plaintiff asserts that the defendant violated the Right to Financial Privacy Act under Title 12 Section 3403 "Confidentiality of Financial Records" in unlawfully seizing the financial accounts of the plaintiff, his wife and elderly mother and unlawfully divulging

the privacy rights of all account holders to third parties without due process and adequate legal documentation.

26. Under Section 3417 of this Act, the plaintiff is allowed to seek punitive damages as he believes the defendant is unable to show a "Good Faith" defense in light of the defendant's actions.

**Unlawful Seizure of Assets**

27. The defendant has unlawfully seized the assets of the plaintiff and has refused to release the funds and fully restore the accounts of the defendant. The defendant is in violation of the regulatory framework as to the judicial process that must be followed prior to any disclosure or seizure of assets under the Patriot Act of 2001.

**Bank Secrecy Act "Procedures and Policy"**

28. The plaintiff asserts that the defendant violated CFR Title 12 Part 21 Subpart-C (4) of the Bank Secrecy Act, by not adequately providing the appropriate training of bank employee personnel on BSA policy and procedure. In the Bank Secrecy Act/Anti-Money Laundering *Comptroller's Handbook*, the defendant could and should have filed a SAR for any transaction that involves "The process of using an apparent legitimate transaction to disguise the illicit proceeds, allowing the laundered funds to be disbursed back to the criminal". Unfortunately, the bank personnel (managers in the North Carolina Office and Maryland Office) were unaware of a SAR filing.

29. In addition, the legal processing division of the defendant was not adequately trained on the basic mechanics of knowing a legitimate court order versus 'bootlegs'. The plaintiff believes that any "reasonably" trained legal professional would have spotted the bootleg document based on very basic components of the document such as the Court of Jurisdiction missing at the top of the document.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, Mr. Gyamfi, request this court grant the following relief:

(a) Declare that defendant unlawfully seized the assets of the plaintiff;

(b) Declare that the plaintiff made a "good faith" attempt to resolve this matter without further involvement of this court;

(c) Declare that the defendant violated the privacy rights of the plaintiff in violation of the "Right to Financial Privacy Act";

(d)Declare that the defendant is in violation of the Bank Secrecy Act and Anti-Money Laundering Act by not adequately training their employees as mandated under this law.

(e)Grant the plaintiff compensatory damages;

(f)Grant the plaintiff punitive damages calculated under the FINCEN U.S. Dept of Treasury, formula when banks are non-compliant under the BSA/AML guidelines.

TRIAL BY JURY IS DEMANDED ON ALL CLAIMS

Date: 12/7/09

Kwame Gyamfi
905 Jackson Valley Ct
Bowie, MD 2071
(202)997-0941

CSC – Lawyers Inc.
11 E. Chase Street
Baltimore, MD 21202

Wells Fargo Corp.
Legal Department
MAC: A0194-263
45 Fremont St., 26th Floor
San Francisco, CA 94105

Wells Fargo Corp.
Legal Department
MAC: D1053-300
301 South College St.,
Charlotte, NC 28288
Fax: (704)427-3684

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Kwmae Gyamfi )
    *Plaintiff* )  Case No. DKC09CV3001
vs. )
 )
 )
Wells Fargo Bank )
    *Defendant* )

## CERTIFICATE OF SERVICE

I certify, pursuant to Title 28 U.SC. Code 1746, that the following documents were sent via first class mailer to the Legal Department of Wells Fargo Bank and their local agent. Furthermore, I certify that the plaintiff served the U.S. Marshall service with the appropriate paperwork and procedure.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on _____December_7_, 2009

Signature

Kwame Gyamfi
905 Jackson Valley Ct
Bowie, MD 20721
Phone: (301)997-0941

CSC – Lawyers Inc.
11 E. Chase Street
Baltimore, MD 21202

Wells Fargo Corp.
Legal Department
MAC: A0194-263
45 Fremont St., 26th Floor
San Francisco, CA 94105

Wells Fargo Corp.
Legal Department
MMAC: D1053-300
301 South College St.,
Charlotte, NC 28288
Fax: (704)427-3684