# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KWAME GYAMFI | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. DKC09CV3001 |
| WELLS FARGO-WACHOVIA BANK | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR EXTENSION OF TIME

Pursuant to Local Rule 105.9, defendant, Wells Fargo Bank ("Wells Fargo"), moves this Court for an additional 20 days to respond to the Complaint filed by plaintiff, Kwame Gyamfi ("Mr. Gyamfi") who is appearing *pro se* in this case. Wells Fargo further states as follows:

1. This is a case that is, according to the pleadings, valued at about $800.00, but involving allegations of violations of the Right to Financial Privacy Act, Bank Secrecy Act and U.S. Patriot Act. Wells Fargo will be responding with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because the Bank Secrecy Act and U.S. Patriot claims do not include private rights of action, and the Right to Financial Privacy Act claim is completely inapplicable to the allegations in this case. Absent any federal claim, this Court lacks subject matter jurisdiction because of the small amount in controversy.

2. Although the motion had been researched and partially briefed, Counsel for Wells Fargo has been preparing for trial in Nevada and will be in trial in Nevada for much

of the next two weeks in the United States District Court for the District of Nevada in the case of *J.SH v. Bartech Systems, International*, 2:07-CV-00277-RCJ. Counsel was unexpectedly needed to arrive in Nevada early to accommodate the schedule of witnesses.

3. Before leaving for Nevada, Counsel was forced to spend a substantial amount of time drafting a response to an Attorney Grievance Complaint which plaintiff filed prior to filing this Second Amended Complaint and which plaintiff inappropriately references in his pleading. See Complaint ¶ 21 ("The plaintiff concluded that defendant, Wells Fargo Bank, may have requested that Mr. Gaumont act as a decoy in order to gather 'confidential' information from the defendant under the cloak of settlement.").

4. Counsel understands this Court's need for a response. Counsel respectfully requests this extension so that Wells Fargo does not need to engage additional counsel to finish a motion that is partially completed. The Second Amended Complaint identifies damages of approximately $800 and identifies no request for emergency relief.

5. Under ordinary circumstances, Counsel would request this extension directly from plaintiff, especially since Counsel expects that a *pro se* plaintiff, in particular, may request additional time to respond to a 12(b)(6) motion to dismiss, which Counsel will accommodate.

6. However, because the few routine telephone conversations between Counsel and Mr. Gyamfi have resulted in Mr. Gyamfi filing a grievance against Counsel, it is not

"reasonably practicable" to request Mr. Gyamfi's consent to this motion. *See* Local Rule 105.9 ("Where counsel deems it reasonably practicable, counsel also shall try to obtain the consent of an unrepresented party" before filing a motion for extension of time).

For these reasons, Wells Fargo respectfully requests an additional 20 days to respond to the complaint.

_____
Robert A. Gaumont
(Fed. Bar No. 26302)

**WOMBLE CARLYLE SANDRIDGE & RICE**
*Professional Limited Liability Company*
250 W. Pratt Street
Baltimore, MD 21201
Telephone: (410)545-5862
(Attorney for *Wells Fargo Bank* and *Wachovia Inc.*)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of January, 2010, a true and correct copy of the foregoing Consent Motion for Extension of Time and proposed Order was served via First Class Mail with postage paid to the following:

>Kwame Gyamfi
>905 Jackson Valley Court
>Bowie, Maryland 20721
>Phone: (301) 997-0941

>_____
>Robert A. Gaumont
>(Fed. Bar No. 26302)